```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:06-CR-00111(2) |
| v. | : | **OPINION AND ORDER** |
| HARRIET WARSHAK. | : |  |

This matter is before the Court on Defendant Harriet Warshak's Motion for a New Trial Based on Newly Discovered Evidence (doc. 645), and the government's Response in Opposition (doc. 687). For the reasons indicated herein, the Court DENIES Defendant's motion.

On February 22, 2008, the jury returned guilty verdicts as to four of the individual and two of the corporate Defendants in this case, thereby finding the government had proven beyond a reasonable doubt a massive fraud scheme involving false representations to consumers, numerous fraudulent "autoship" charges to consumer credit cards for products the consumers did not order, money laundering, schemes to conceal transaction abnormalities from banks, and the obstruction of two federal agency proceedings (docs. 373, 375, 377, 381, 383, 385). As to the individual Defendant Harriet Warshak, the jury specifically found her guilty of conspiracy to commit mail, wire, and bank fraud; bank fraud; conspiracy to commit money laundering; and money laundering

(doc. 375). Defendant Harriet Warshak later challenged the verdict, arguing that she merely "hit the button" to process credit card transactions, but that she was not privy to email conversations with the rest of Berkeley Premium Nutraceutical, Inc. ("BPN") employees, and therefore evidence lacked that she knew about the schemes (doc. 398). She further argued that although testimony showed that she signed merchant bank applications, there was no evidence that she knew what she was signing or even that she had read them (Id.). The Court rejected Defendant's arguments, finding well-taken the government's position that former employee Shelley Kinmon's testimony provided an adequate basis for the jury's conclusion (doc. 539). Kinmon testified that Steve Warshak put Harriet Warshak in charge of processing continuity charges because she could be trusted, that Harriet Warshak processed numerous transactions to manipulate the chargeback ratio, and that Harriet Warshak attended regular staff meetings at which management discussed the chargeback ratio (Id.). The Court further found that testimony of witnesses Greg Cossman, Mike Wagner, and Sam Grote established that Harriet Warshak signed merchant processing agreements that falsely stated she owned the company (Id.). The Court found the jury reasonably inferred that Harriet Warshak knew what she was signing, that she made the false statement because Steve Warshak's application as the true owner would be rejected, and that she needed to sign so the company could keep processing

continuity charges (Id.).  Having reviewed all the evidence, the Court rejected Harriet Warshak's argument that she merely pushed a button as insufficient to overcome the jury's conclusion that she knew what was going on at the company, and actively participated with the intent to keep the continuity scheme going (Id.).

In the instant motion, Defendant Harriet Warshak argues that newly discovered meeting notes of BPN employee Bonnie Luther are material, under both Fed. R. Crim. P. 33 and Brady, and compel a new trial (doc. 645).  Defendant argues that though less than five percent of the evidence at trial was against her, her counsel was forced to search through twenty million pages of documents the government dumped on Defendants (doc. 645).  Defendant argues the Court refused to require the government to produce discovery in an organized, searchable fashion, and denied a continuance so as to allow Defendant additional time to search the discovery to identify exculpatory evidence (Id.).  Since the trial, Defendant argues, Luther's meeting notes have come to light, and such notes show that Harriet Warshak did not attend company meetings in 2002 and barely attended half of the other company meetings (doc. 645).  Defendant argues this evidence in not merely cumulative and that had counsel been in possession of the notes, counsel could have cross-examined witnesses with them, and even put Luther on the stand to testify about them (Id.).  Defendant further argues that in light of the fact that the Court placed heavy weight on Shelley Kinmon's

3

testimony in denying her motion for acquittal, it is likely that the new evidence would have produced an acquittal (Id.).

The government responds that Defendant's motion fails to meet the standard for a new trial under Rule 33, and in any event, Luther's notes are immaterial (doc. 687). Specifically, the government argues Luther's notes do not qualify as "newly discovered evidence" because all the Defendants were aware of and attended the meetings, a fact they all knew individually and presumably by way of their shared joint defense (Id.). In addition, the government contends the notes have been in the possession of Defendants for years and could have been located earlier with due diligence, and Bonnie Luther was designated as a Defense witness who Defendants simply chose not to call to testify (Id.). The notes themselves, argues the government, are incomplete and fail to indicate who attended most 2003 meetings, while the notes for 2004 show Harriet Warshak was present for virtually all of the meetings (Id.). The notes would not produce a different result, argues the government, because Harriet Warshak's attendance at meetings is but one piece of evidence of her involvement in the BPN fraud scheme (Id.). Finally, the government responds that the meeting notes do not qualify as Brady material for the simple reason that the notes were in the possession of Defendants, who should have reasonably known of their existence (Id. citing Carter v. Bell, 218 F.3d 581, 601 (6th Cir. 2000), United States v. O'Dell,

4

805 F.2d 637, 641 (6th Cir. 1986)).

Having reviewed this matter, the Court finds the government's position well-taken in all respects. Bonnie Luther's notes do not qualify as "newly discovered" because the evidence could have been discovered earlier with due diligence, the evidence is immaterial, and the evidence would not likely produce an acquittal. United States v. O'Dell, 805 F.2d 637, 640 (6th Cir. 1986). Defendants identified Bonnie Luther as a potential defense witness, so there is no reason for their failure to discover any evidence she may have been able to rely upon. The evidence further does not qualify as Brady material because it was in the possession of Defendants. Carter v. Bell, 218 F.3d 581, 601 (6th Cir. 2000).

In addition, the Court rejects Defendant's assertion that the Court "refused to require the government to produce discovery in an organized, searchable fashion," which is flatly wrong. The Court ordered the United States to produce the exhibits it intended to use at trial in late November 2007, more than a month in advance of the commencement of trial on January 8, 2008 (doc. 193).

In any event, the Luther meeting notes, even if considered "newly discovered," are hardly a basis to grant a new trial. The verdict against Harriet Warshak could have reasonably been premised on other evidence put before the jury concerning her

5

processing of credit card transactions and her signing of merchant processing agreements that falsely stated she owned the company. Moreover, the Luther notes do not contradict the testimony of Shelley Kinmon: they indicate that Harriet Warshak was present at virtually all of the 2004 meetings, and Luther's affidavit states Defendant was present at half the meetings in 2002 and 2003. Such information comports with Kinmon's testimony that Harriet Warshak attended meetings where the company management discussed the chargeback ratio.  For all of these reasons, the Court finds Defendant's motion lacking in merit.

Accordingly, the Court DENIES Defendant Harriet Warshak's Motion for a New Trial Based on Newly Discovered Evidence (doc. 645).

SO ORDERED.

Dated: October 8, 2008          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge

6